

|  | THE CITY OF NEW YORK |  |
|---|---|---|
| **MURIEL GOODE-TRUFANT** <br> *Acting Corporation Counsel* | LAW DEPARTMENT <br> 100 CHURCH STREET <br> NEW YORK, NEW YORK 10007 | **MARY O'FLYNN** <br> *Deputy Division Chief* <br> moflynn@law.nyc.gov <br> Phone: (212) 356-2352 |

September 27, 2024

**By ECF**
Hon. Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re *Guerrero-Tabares v. City of New York, et. al.*, 24-cv-6361 (JLR*)*

Your Honor:

        I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. The City of New York is not yet a party to this action. The City writes in accordance with the Court's Order of September 24, 2024, opposing plaintiff's request to remove this case from the SDNY Section 1983 Plan. (ECF No. 9).

        As an initial matter, this application is premature because no defendant has yet been served in this matter. The City only received notice of the instant Order on Wednesday, September 25, 2024, when plaintiff forwarded a courtesy copy of the Court's Order and the Complaint to this Division directly by email. Notably, plaintiff's counsel does not appear to have made any effort to confer with this office or to have sought the City's position on same prior to the September 24, 2024 application. Moreover, although summonses were issued as to the named defendants in this case on August 23, 2024 (ECF No. 5), plaintiff has, upon information and belief, still made no effort to serve them.[1]

        Local Rule 83.10 (d)(1) directs that any application to exempt a case from the Plan should be made after the parties' Rule 26(f) conference, which is to be held within 14 days after the first defendant files its answer. Here, no defendant has filed an answer because plaintiff has not made service on anyone. Accordingly, the Court should deny plaintiffs' request as premature.

        Even if this request were timely, it should be denied. This is precisely the type of action that belongs in the Plan. This action was commenced by filing of the complaint (ECF No. 1) on

---

[1] The City notes that service of process on itself can be made, since the 2020 pandemic, by email; a fact of which plaintiff's seasoned counsel is well aware.

August 22, 2024,[2] alleging principally claims for false arrest and excessive force pursuant to 42 U.S.C. § 1983. Accordingly, this case was assigned to the Local Civil Rule 83.10 Plan (the "Plan").

Plaintiff does not contend that his case was improperly assigned to the Plan. Rather, he argues that he should be exempt from the Plan because he already participated in pre-suit proceedings with the New York City Office of the Comptroller. Plaintiff cites no legal authority for the proposition that pre-suit proceedings, which flow from the filing of a notice of claim on state law claims, should exempt a matter from the Plan when brought in federal court. Essentially, plaintiff contends that the mediation prong of the Plan would be a waste of time because his claims were not resolved by the Comptroller pre-suit. Again, there is no authority cited for this proposition.

As the Court is aware, the Plan provides specific efficiencies and encourages early resolution of cases that allege the type of claims at issue in this case. See, e.g., Elliot v. City of New York, No. 20 Civ. 702 (NRB), 2020 U.S. Dist. LEXIS 216028, at *3-4 (S.D.N.Y. Nov. 18, 2020) (noting that the Plan is designed to "efficiently manage and to 'reduce the time to disposition in the typical § 1983 cases brought against the NYPD and its officers'" and "[o]ne of its core goals is to encourage a fast and efficient discovery process"). Notably, the Plan contemplates the common categories of discovery that are most relevant to the type of claims raised in this case and provides an expedited schedule for the automatic production of such discovery. Additionally, the Plan encourages early settlement discussions following the exchange of limited discovery by providing a schedule for the exchange of a settlement demand and offer, followed by a requirement that the parties attend a mediation before formal—and costly—discovery commences. The Plan often results in settlement at mediation or shortly thereafter. Importantly, the Plan's provisions intentionally provide for staggered and defined discovery in order to provide the parties time to appropriately assess settlement options, and to limit the accrual of unnecessary litigation expenses which can often be an impediment to resolving Section 1983 matters, which travel with claims for fees and costs under Section 1988. See Elliot v. City of New York, No. 20 Civ. 702 (NRB), ECF No. 24 (S.D.N.Y. Oct. 2, 2020) (denying plaintiff's application to remove case from the Plan, in part, due to plaintiff's presumed futility of mediation).

Plaintiff's alternative basis for removing this case from the Plan is that he would prefer not to provide releases for his arrest and medical records. Plaintiff does not cite any legal authority for the proposition that these are appropriate grounds on which to remove a case from the Plan. He cannot, as both types of information are uniformly discoverable in false arrest and excessive force faces, within the Plan or not. The Plan requires a plaintiff to provide a release pursuant to New York Crim. Proc. L. 160.50 "for the arrest that is the subject of the complaint, and for a list of all prior arrests." Local Civil Rule 83.10(a)(1). The Plan does not require, as plaintiff asserts, "releases for all prior arrests." (ECF No. 9, p. 1). The provision of a 160.50 release is necessary to litigate claims involving any sealed arrest, as the City cannot access its own records relating to a plaintiff's claims without it. A plaintiff's arrest history is routine and necessary discovery in a false arrest case for various reasons, including assessing a plaintiff's claimed emotional damages.

---

[2] Plaintiff's initial filing was rejected by the Clerk and the Complaint re-filed on August 23, 2024 (ECF No. 4).

Additionally, the Plan requires any plaintiff who "seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress" to provide a prescribed release for "for all medical and psychological treatment records for those injuries." Local Civil Rule 83.10(a)(2).   Again, these are matters which are subject to discovery in the normal course of litigation outside of the Plan, because defendants cannot assess a plaintiff's claims of injury without them.  Contrary to plaintiff's assertions, the early provision of these releases pursuant to the Plan, rather than at a later stage of discovery, facilitates the expeditious investigation of a plaintiff's claims and assessment for possible settlement.

      In sum, plaintiff has failed to explain why the Plan would not serve its purposes in this case.  The City respectfully requests that the Court deny plaintiff's application on the grounds that it is untimely under the Plan and fails on the merits.

      Respectfully submitted

*/s/ Mary O'Flynn*
Mary O'Flynn
Deputy Chief
Special Federal Litigation Division