

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

September 24, 2024

**BY ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

  Re: *Guerrero-Tabares v. City of New York, et. al.*, **24-cv-6361 (JLR***)*

Your Honor:

  I am co-counsel for Plaintiff Mateo Guerrero-Tabares in the case above. I write to respectfully request that the Court remove this case from participation in the "1983 Plan" codified in Local Civil Rule 83.10.

  By way of background, Mr. Guerrero-Tabares was assaulted and arrested by members of the New York City Police Department ("NYPD") on May 24, 2023. He submitted a timely Notice of Claim to the Office of the New York City Comptroller within 90 days thereof, identifying a number of John and Jane Doe Defendants, and sat for a hearing pursuant to New York General Municipal Law § 50-h on December 19, 2023. Between then and August 23, 2024, counsel negotiated with the Comptroller's Office to attempt to reach a pre-litigation settlement. Those efforts were unsuccessful – although Plaintiff made a demand, the City made no offer, and is apparently taking a "no pay" position. Plaintiff then filed suit, naming the Doe NYPD members whose identities Plaintiff has yet to discover, on August 23, 2024 (Doc. 4). On August 23, 2024, the Court designated the case to participate in the 1983 Plan.

  One primary aim of the 1983 Plan is to encourage early mediation and potential settlement after the exchange of certain early discovery relevant to typical 1983 Plan claims. The parties are meant to exchange those documents in order to help them evaluate the strengths and weaknesses of the claims and defenses at play, with a view toward potential resolution of the case through early mediation. Among other things that the Federal Rules of Civil Procedure do not require, the 1983 Plan requires that a Plaintiff turn over releases for all prior arrests, including all prior arrests, as well as medical and mental health records, at the same time they serve the opening papers, or face preclusion of their rights to bring certain claims, including physical and/or emotional damages claims. Additionally, the 1983 Plan automatically delays the discovery that would otherwise progress under the FRCP, including discovery of the identities of Doe Defendants, to allow for potential mediation and early settlement.

Mr. Guerrero-Tabares has a "a legitimate interest in the expeditious resolution of [his] civil case." *Jackson v. Johnson*, 985 F.Supp. 422, 425 (SDNY 1997). He now moves to remove the case from the 1983 Plan because continuing to include this case in the 1983 Plan would prejudice his rights to pursue his claims in a timely manner by causing unnecessary delay; require him to provide private and confidential arrest history, health, and/or mental health information, or forego claims; and frustrate the process of timely identifying and naming the Doe Defendants.

As seen above, in this case, Plaintiff engaged in extensive, pre-litigation settlement efforts with the Comptroller's Office before filing this lawsuit. In connection with those efforts, Plaintiff provided the City of New York with pre-litigation discovery related to the incident and Plaintiff's injuries. Those efforts were unsuccessful because the City would not make an offer. There is nothing to indicate that has changed or will change. Against that backdrop, simply put, there is no reasonable chance the case will settle through the limited discovery and mediation contemplated by the 1983 Plan.

Beyond that, if the Court leaves the case in the 1983 Plan, it will require Mr. Guerrero-Tabares to provide releases potentially covering private criminal history, medical, and mental health information, or forego his rights to pursue certain claims, and frustrate and delay further discovery, including the process of timely identifying and naming the Doe Defendants.

Plaintiff respectfully submits that, rather than spending time and energy pursuing mediation that will not bear fruit, the parties should move forward with efforts to identify the Doe Defendants and other discovery. Mr. Guerrero-Tabares therefore asks that the Court remove the case from the 1983 Plan.

Plaintiff and counsel thank Your Honor for the Court's time and attention.

Respectfully submitted,

/S/

Gideon Orion Oliver

Having considered the arguments put forth in this letter and in the letter filed by the City at Dkt. 10, the Court DENIES Plaintiff's request to remove this case from Local Civil Rule 83.10 (the "Plan"). The Court believes that the various policies generally served by the Plan's protocols apply with equal force in this case, and Plaintiff has not persuaded the Court that any special circumstances apply that would warrant excusing Plaintiff from the Plan. If Plaintiff is concerned about identifying John and Jane Doe Defendants ahead of a looming statute of limitations, the Court can -- as it has done in other cases -- address that issue individually without removing the entire case from the Plan.  Plaintiff also complains about having to provide access to certain medical and arrest records, but the City correctly notes that Plaintiff would have to produce those records under normal discovery procedures.  Plaintiff has not plausibly suggested that he will suffer any prejudice from having to do so sooner rather than later.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 8.

Dated: September 30, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
_____
**JENNIFER L. ROCHON**
**United States District Judge**