

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOSEPH M. HIRAOKA, JR.**
*Senior Counsel*
Phone: (212) 356-2413
Fax: (212) 356-1148
jhiraoka@law.nyc.gov

November 5, 2024

**BY E.C.F.**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:    Mateo Guerrero-Tabares v. City of New York, et al., 24-CV-6361 (JLR)

Your Honor:

        I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendant City of New York in this matter. Defendant City of New York ("City") respectfully writes regarding the Court's November 1, 2024 Order stating that "[t]he deadline for Defendants to answer the complaint was October 31, 2024" and "extend[ing] the deadline to file an answer to November 7, 2024." Dkt. Entry No. 14. As explained further below, defendant City respectfully notes that, pursuant to Local Civil Rule 83.10, both its response and defendants McCarty and Boyle's responses to the Complaint are due on December 20, 2024.

        By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that he was falsely arrested and subjected to excessive force on May 24, 2023. On August 23, 2024, the Court designated this case to participate under Local Civil Rule 83.10 (the "Plan"). See Docket Entry dated August 23, 2024. On September 30, 2024, the Court denied plaintiff's September 24, 2024 request to remove the case from the Plan. See Dkt. Entry No. 11. Thereafter, defendant City was served with, *inter alia*, the Complaint and the "[u]nsealing release required by the 1983 Plan." Dkt. Entry No. 12. In addition, defendants McCarthy and Boyle were purportedly served on October 8, 2024 and October 10, 2024, respectively. The docket does not reflect that defendant Black has been served.

Local Civil Rule 83.10 sets forth the time for defendants to answer a complaint filed in a case proceeding under the Plan. Specifically, Local Civil Rule 83.10 provides that "[i]f the § 160.50 Release is served on the City at the time the complaint is first served on a defendant, that defendant will have 80 days from the date of such service to answer the complaint. Any subsequently-served defendant will have the greater of (i) 60 days or (ii) the date by which the first-served defendant must answer, to answer the complaint." Local Civil Rule 83.10(3).

Thus, although the electronic docket reflects that defendant City's response to the Complaint was due on October 22, 2024, that defendant McCarthy's response to the Complaint was due on October 29, 2024 and that defendant Boyle's response to the Complaint was due on October 31, 2024, none of those dates are accurate, as the time for defendants City, McCarthy and Boyle to respond to the Complaint is December 20, 2024, 80 days after October 1, 2024.[1]

To the extent that the Court means to supersede the answer deadlines set forth in the Plan, defendant City respectfully requests that the Court extend its time to respond to the Complaint to December 20, 2024 to permit it time to obtain relevant documentation, speak to relevant witnesses and investigate plaintiff's claims so that it may properly respond to the Complaint in compliance with its Rule 11 obligations. Defendant City further respectfully requests that the Court grant defendants McCarthy and Boyle corresponding extensions of time so that this Office may resolve representation and to avoid the filing of multiple responsive pleadings.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Joseph M. Hiraoka, Jr.*
Joseph M. Hiraoka, Jr.
*Senior Counsel*
Special Federal Litigation Division

cc: **By E.C.F.**
All Counsel of Record

---

[1] Defendants respectfully note that plaintiff's counsel agrees that the defendants' responses to the Complaint are not yet due.