

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*Not for service*

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

January 16, 2025

<u>**BY ECF**</u>
Hon. Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

     Re:    <u>*Guerrero-Tabares v. City of New York, et. al.*, 24-cv-6361 (JLR)</u>

Dear Judge Rochon:

     I am co-counsel for Plaintiff in the case above.

     The complaint, initially filed on August 23, 2024, names four "John Doe" defendants – "First Name Unknown" Black and "John Does" 1-3 – collectively, the "Doe Defendants." *See* ECF 4 (the "Complaint").

     On November 19, 2024, I made a written demand for Defendant City of New York to identify, and provide service information for, the Doe Defendants. Notably, such discovery in the case is stayed pursuant to Local Civil Rule 83.10 (the "Plan"), and the Court has denied Plaintiff's application to remove the case from the Plan. *See* ECF 10-11.

     Also on November 19, 2024, Plaintiff asked that the Court extend the time to serve the Doe Defendants until 90 days after the Doe Defendants are identified and proper service information is provided, or until such time after the Doe Defendants are identified as the Court deems just and proper. The Court granted that application to a limited extent, extending the time to serve the Doe Defendants until January 20, 2025. *See* ECF 18-19.

     To date, defense counsel has not provided any information about the Doe Defendants. On January 13, 2025, I asked defense to "provide information about the Law Department's efforts to comply with my November 19, 2024 request for identifications of and service information for the Doe Defendants." Defense counsel's response is: "I am continuing to try to identify John Doe Black as well as the other Doe officers, and will provide service information if we can ascertain their identities."

     As the Court may recall, the need to conduct discovery in order to promptly identify and serve the Doe Defendants was one reason Plaintiff asked the Court to

remove the case from the Plan. *See, e.g.,* ECF 10-11. It is not clear what efforts, if any, the City has undertaken to identify the Doe Defendants. From Plaintiff's perspective, the harms identified related to the Doe identifications in Plaintiff's application to remove the case from the Plan have materialized and are ongoing.

I respectfully submit that the circumstances here constitute good cause within the meaning of Fed.R.Civ.P. 4(m) to extend the deadline within which to serve the Doe Defendants.

Therefore, pursuant to Fed.R.Civ.P. 4(m), I ask that the Court extend the time to serve the Doe Defendants until 90 days after the Doe Defendants are identified and proper service information is provided, or until such time after the Doe Defendants are identified as the Court deems just and proper.

Counsel for Defendant City of New York take no position as to this application as the Law Department does not currently represent the Doe Defendants.

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver