UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MATEO GUERRERO-TABARES,

                        Plaintiff,

            -against-

THE CITY OF NEW YORK; NYPD ASSISTANT CHIEF JAMES MCCARTHY; NYPD LIEUTENANT MICHAEL BOYLE; NYPD OFFICER RYAN BLACK; and NYPD DETECTIVE SPECIALIST KHALEEF ALLICOTT,

                        Defendants.

**DEFENDANTS CITY OF NEW YORK, MCCARTHY, BOYLE, BLACK, AND ALLICOTT'S ANSWER TO THE FIRST AMENDED COMPLAINT**

24-CV-6361 (JLR)

Jury Trial Demanded

------------------------------------------------------------------------x

        Defendants City of New York, McCarthy, Boyle, Black, and Allicott, by their attorney, **MURIEL GOODE-TRUFANT**, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint ("Complaint"), respectfully allege as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York and maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that defendant James McCarthy was employed by the City of New York as a member of the Police Department on May 24, 2023, and was present at the protest described in the Complaint.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that defendant Michael Boyle was employed by the City of New York as a member of the Police Department on May 24, 2023, and that plaintiff was lawfully arrested.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that defendant Ryan Black was employed by the City of New York as a member of the Police Department on May 24, 2023, and was present at the protest described in the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that defendant Khaleef Allicott was employed by the City of New York as a member of the Police Department on May 24, 2023, and was present at the protest described in the Complaint.

7. In response to paragraph "7" of the Complaint, admit that defendants James McCarthy, Michael Boyle, Ryan Black, and Khaleef Allicott were employed by the City of New York as members of the Police Department on May 24, 2023.

8. The allegations set forth in paragraph "8" of the Complaint are legal conclusions to which no response is required.

9. The allegations set forth in paragraph "9" of the Complaint are legal conclusions to which no response is required.

10. The allegations set forth in paragraph "10" of the Complaint are legal conclusions to which no response is required.

11. The allegations set forth in paragraph "11" of the Complaint are legal conclusions to which no response is required.

12. The allegations set forth in paragraph "12" of the Complaint are legal conclusions to which no response is required.

13. The allegations set forth in paragraph "13" of the Complaint are legal conclusions to which no response is required.

14. Paragraph "14" of the Complaint is not an averment of fact that requires a response.

15. The allegations set forth in paragraph "15" of the Complaint are legal conclusions to which no response is required.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

17. The allegations set forth in paragraph "17" of the Complaint are legal conclusions to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiff purports to base venue in this district as stated therein.

19. The allegations set forth in paragraph "19" of the Complaint are legal conclusions to which no response is required.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. The allegations set forth in paragraph "22" of the Complaint are legal conclusions to which no response is required.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff was lawfully arrested; to the extent paragraph "27" sets forth conclusions of law, no response is required.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was lawfully handcuffed and arrested, and respectfully refer the Court to the referenced video footage for a complete and accurate depiction of its contents.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff was escorted to a police van.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff was taken to the 7th Precinct.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, except admit that plaintiff was lawfully issued Summons No. 4446999743 for violating Penal Law 240.20(5) and Summons No. 4446999730 for violating Penal Law 1156(a), and subsequently released.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Paragraph "55" of the Complaint does not set forth averments of fact that require a response.

56. Paragraph "56" of the Complaint does not set forth averments of fact that require a response..

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

59. Deny the allegations set forth in paragraph "59" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

60. Deny the allegations set forth in paragraph "60" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content..

61. Deny the allegations set forth in paragraph "61" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

62. Deny the allegations set forth in paragraph "62" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content..

63. Deny the allegations set forth in paragraph "63" of the Complaint and respectfully refer the Court to the cited articles for a full and accurate recitation of their content.

64. Deny the allegations set forth in paragraph "64" of the Complaint and respectfully refer the Court to the cited articles for a full and accurate recitation of their content.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

68. Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

69. Deny the allegations set forth in paragraph "69" of the Complaint and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

70. Deny the allegations set forth in paragraph "70" of the Complaint and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that the City of New York and the NYPD and its members have been sued.

73. Deny the allegations set forth in paragraph "73" of the Complaint and respectfully refer the Court to the cited cases and reports for a full and accurate recitation of their content.

74. Deny the allegations set forth in paragraph "74" of the Complaint; to the extent paragraph "74" sets forth conclusions of law, no response is required.

75. Deny the allegations set forth in paragraph "75" of the Complaint; to the extent paragraph "75" sets forth conclusions of law, no response is required.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that the NYPD has created Disorder Control Guidelines.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint, except admit that SRG was formed in 2015.

87. Deny the allegations set forth in paragraph "87" of the Complaint, except admit that SRG has a command for each of the five boroughs.

88. Deny the allegations set forth in paragraph "88" of the Complaint and respectfully refer the Court to the cited article for a fill and accurate recitation of its content.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

98. Deny the allegations set forth in paragraph "98" of the Complaint and respectfully refer the Court to the referenced reports for a full and accurate recitation of their content.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint and respectfully refer the Court to the referenced testimony for a full and accurate recitation of its content.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

107. Deny the allegations set forth in paragraph "107" of the Complaint; to the extent paragraph "109" sets forth conclusions of law, no response is required.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

112. Deny the allegations set forth in paragraph "112" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

113. Deny the allegations set forth in paragraph "113" of the Complaint and respectfully refer the Court to the cited document for a full and accurate recitation of its content.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny allegations set forth in paragraph "116" of the Complaint.

117. Deny allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint; to the extent paragraph "123" sets forth conclusions of law, no response is required.

122. In response to the allegations set forth in paragraph "122" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Paragraph "124" sets forth legal conclusions to which no response is required.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint; to the extent paragraph "126" sets forth conclusions of law, no response is required.

127. Deny the allegations set forth in paragraph "127" of the Complaint; to the extent paragraph "127" sets forth conclusions of law, no response is required.

128. In response to the allegations set forth in paragraph "128" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

129. Deny the allegations set forth in paragraph "129" of the Complaint; to the extent paragraph "129" sets forth conclusions of law, no response is required.

130. Deny the allegations set forth in paragraph "130" of the Complaint; to the extent paragraph "130" sets forth conclusions of law, no response is required.

131. Deny the allegations set forth in paragraph "131" of the Complaint; to the extent paragraph "131" sets forth conclusions of law, no response is required.

132. In response to the allegations set forth in paragraph "132" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

133. Deny the allegations set forth in paragraph "133" of the Complaint; to the extent paragraph "133" sets forth conclusions of law, no response is required.

134. Deny the allegations set forth in paragraph "134" of the Complaint; to the extent paragraph "134" sets forth conclusions of law, no response is required.

135. Deny the allegations set forth in paragraph "135" of the Complaint; to the extent paragraph "135" sets forth conclusions of law, no response is required.

136. Deny the allegations set forth in paragraph "136" of the Complaint; to the extent paragraph "136" sets forth conclusions of law, no response is required.

137. In response to the allegations set forth in paragraph "137" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

138. Deny the allegations set forth in paragraph "138" of the Complaint; to the extent paragraph "138" sets forth conclusions of law, no response is required.

139. Deny the allegations set forth in paragraph "139" of the Complaint; to the extent paragraph "139" sets forth conclusions of law, no response is required.

140. Deny the allegations set forth in paragraph "140" of the Complaint; to the extent paragraph "140" sets forth conclusions of law, no response is required.

141. Deny the allegations set forth in paragraph "141" of the Complaint; to the extent paragraph "141" sets forth conclusions of law, no response is required.

142. Deny the allegations set forth in paragraph "142" of the Complaint; to the extent paragraph "142" sets forth conclusions of law, no response is required.

143. Deny the allegations set forth in paragraph "143" of the Complaint; to the extent paragraph "143" sets forth conclusions of law, no response is required.

144. Deny the allegations set forth in paragraph "144" of the Complaint; to the extent paragraph "144" sets forth conclusions of law, no response is required.

145. Deny the allegations set forth in paragraph "145" of the Complaint; to the extent paragraph "145" sets forth conclusions of law, no response is required.

146. Deny the allegations set forth in paragraph "146" of the Complaint; to the extent paragraph "146" sets forth conclusions of law, no response is required.

147.  Deny the allegations set forth in paragraph "147" of the Complaint; to the extent paragraph "147" sets forth conclusions of law, no response is required.

148.  In response to the allegations set forth in paragraph "148" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

149.  Deny the allegations set forth in paragraph "149" of the Complaint; to the extent paragraph "149" sets forth conclusions of law, no response is required.

150.  Deny the allegations set forth in paragraph "150" of the Complaint; to the extent paragraph "150" sets forth conclusions of law, no response is required.

151.  Deny the allegations set forth in paragraph "151" of the Complaint; to the extent paragraph "151" sets forth conclusions of law, no response is required.

152.  Deny the allegations set forth in paragraph "152" of the Complaint; to the extent paragraph "152" sets forth conclusions of law, no response is required.

153.  In response to the allegations set forth in paragraph "153" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

154.  Deny the allegations set forth in paragraph "154" of the Complaint and respectfully refer the Court to the cited documents for a complete and accurate recitation of its content.

155.  Deny the allegations set forth in paragraph "155" of the Complaint and respectfully refer the Court to the cited case and article for a complete and accurate recitation of their content.

156. Deny the allegations set forth in paragraph "156" of the Complaint; to the extent paragraph "156" sets forth conclusions of law, no response is required.

157. Deny the allegations set forth in paragraph "157" of the Complaint; to the extent paragraph "157" sets forth conclusions of law, no response is required.

158. In response to the allegations set forth in paragraph "158" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

159. Deny the allegations set forth in paragraph "159" of the Complaint; to the extent paragraph "159" sets forth conclusions of law, no response is required.

160. Deny the allegations set forth in paragraph "160" of the Complaint; to the extent paragraph "160" sets forth conclusions of law, no response is required.

161. In response to the allegations set forth in paragraph "161" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

162. Deny the allegations set forth in paragraph "162" of the Complaint; to the extent paragraph "162" sets forth conclusions of law, no response is required.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint; to the extent paragraph "164" sets forth conclusions of law, no response is required.

165. Deny the allegations set forth in paragraph "165" of the Complaint; to the extent paragraph "165" sets forth conclusions of law, no response is required.

166. Deny the allegations set forth in paragraph "166" of the Complaint; to the extent paragraph "166" sets forth conclusions of law, no response is required.

167. In response to the allegations set forth in paragraph "167" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

168. The allegations set forth in paragraph "168" of the Complaint are legal conclusions to which no response is required.

169. The allegations set forth in paragraph "169" of the Complaint are legal conclusions to which no response is required.

170. The allegations set forth in paragraph "170" of the Complaint are legal conclusions to which no response is required.

171. The allegations set forth in paragraph "171" of the Complaint are legal conclusions to which no response is required.

172. The allegations set forth in paragraph "172" of the Complaint are legal conclusions to which no response is required.

173. The allegations set forth in paragraph "173" of the Complaint are legal conclusions to which no response is required.

174. The allegations set forth in paragraph "174" of the Complaint are legal conclusions to which no response is required.

175. The allegations set forth in paragraph "175" of the Complaint are legal conclusions to which no response is required.

176. In response to the allegations set forth in paragraph "176" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

177. The allegations set forth in paragraph "177" of the Complaint are legal conclusions to which no response is required.

178. The allegations set forth in paragraph "178" of the Complaint are legal conclusions to which no response is required.

179. The allegations set forth in paragraph "179" of the Complaint are legal conclusions to which no response is required.

180. The allegations set forth in paragraph "180" of the Complaint are legal conclusions to which no response is required.

181. The allegations set forth in paragraph "181" of the Complaint are legal conclusions to which no response is required.

182. The allegations set forth in paragraph "182" of the Complaint are legal conclusions to which no response is required.

183. Deny the allegations set forth in paragraph "183" of the Complaint except state that the allegations that plaintiff was conscious of the confinement and was confined without his consent are conclusions of law to which no response is required.

184. In response to the allegations set forth in paragraph "184" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

185. Deny the allegations set forth in paragraph "185" of the Complaint; to the extent paragraph "185" sets forth conclusions of law, no response is required.

186. Deny the allegations set forth in paragraph "186" of the Complaint; to the extent paragraph "186" sets forth conclusions of law, no response is required.

187. Deny the allegations set forth in paragraph "187" of the Complaint; to the extent paragraph "187" sets forth conclusions of law, no response is required.

188. Deny the allegations set forth in paragraph "188" of the Complaint; to the extent paragraph "188" sets forth conclusions of law, no response is required.

189. Paragraph "189" of the Complaint is not an averment of fact that requires a response.

### FIRST DEFENSE/AFFIRMATIVE DEFENSE:

190. The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE/AFFIRMATIVE DEFENSE:

191. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of the defendants.

### THIRD DEFENSE/AFFIRMATIVE DEFENSE:

192. The defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH DEFENSE/AFFIRMATIVE DEFENSE:

193. The defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH DEFENSE/AFFIRMATIVE DEFENSE:

194.     To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### SIXTH DEFENSE/AFFIRMATIVE DEFENSE:

195.     Punitive damages cannot be assessed against defendant City.

### SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

196.     Plaintiff may have failed to mitigate their alleged damages.

### EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:

197.     Plaintiff has failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

### NINTH DEFENSE/AFFIRMATIVE DEFENSE:

198.     At all times relevant to the acts alleged in the Complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on state law claims.

### TENTH DEFENSE/AFFIRMATIVE DEFENSE:

199.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

### ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

200.  Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiff's failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

### TWELFTH DEFENSE/AFFIRMATIVE DEFENSE:

201.  Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE:

202.  There was probable cause for plaintiff's arrest, detention and prosecution in that plaintiff, *inter alia*, obstructed vehicular movement.

**WHEREFORE,** Defendants City of New York, McCarthy, Boyle, Black, and Allicott demand judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          April 1, 2025

MURIEL GOODE-TRUFANT
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, McCarthy, Boyle, Black, and Allicott*
100 Church Street,
New York, New York 10007
(212) 356-2413
jhiraoka@law.nyc.gov

By:  *Joseph M. Hiraoka, Jr. s/*
     Joseph M. Hiraoka, Jr.
     Senior Counsel
     Special Federal Litigation Division

cc:  **BY ECF**
     All Counsel of Record